**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5153**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MARCEL J. TOTO-NGOSSO,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:08-cr-00179-RWT-1)

Submitted:  December 22, 2010        Decided:  January 14, 2011

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert C. Bonsib, Megan E. Green, MARCUSBONSIB, LLC, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, John A. DiCicco, Acting Assistant Attorney General, Alan Hechtkopf, Gregory Victor Davis, Alexander P. Robbins, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcel J. Toto-Ngosso ("Toto") appeals his jury conviction on seventeen counts of willfully aiding and assisting in the preparation and presentation of false income tax returns, in violation of 26 U.S.C. § 7206(2) (2006), and seventy-month prison sentence. On appeal, Toto argues that the district court abused its discretion in admitting evidence, under Fed. R. Evid. 404(b), in the form of testimony from two witnesses concerning his preparation of income tax returns not charged in the indictment and erred in the calculation of his Guidelines sentence, see U.S. Sentencing Guidelines Manual ("USSG") (2008). We affirm.

Rule 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. To be admissible under Rule 404(b), evidence must be "(1) relevant to an issue other than character; (2) necessary; and (3) reliable." United States v. Siegel, 536 F.3d 306, 317 (4th Cir. 2008) (internal quotation marks omitted). "Evidence sought to be admitted under Rule 404(b) must also satisfy [Fed. R. Evid.] 403[.]" Id. at 319.

2

Under Rule 403, "damage to a defendant's case is not a basis for excluding probative evidence" because "[e]vidence that is highly probative invariably will be prejudicial to the defense." United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998).

At trial, the Government presented testimony to show that Toto was a tax preparer who prepared federal income tax returns for clients at his Maryland residences. Six of Toto's clients whose tax returns were the subjects of the indictment testified, and their testimony showed that the returns Toto prepared for them contained numerous falsities, including false dependents and other qualifying persons and exaggerated or wholly fabricated deductions and expenses. Additionally, over Toto's objection, the district court admitted testimony from two additional clients of Toto's that the income tax returns he prepared for them also contained false dependents, deductions, and expenses.

Toto claims that, because the Government presented testimony pertaining to each of the seventeen tax returns that were charged in the indictment, admission of the testimony concerning returns not charged in the indictment was unnecessary. For purposes of Rule 404(b), evidence is necessary where, "considered in the light of other evidence available to the government, it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime." United

States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997) (internal quotation marks and citation omitted). The statute under which Toto was convicted proscribes a person from willfully assisting in the preparation or presentation of false tax returns. See 26 U.S.C. § 7206(2). A tax violation is willful if it is "a voluntary, intentional violation of a known legal duty," and the Government can establish a willful violation without proving "any motive other than an intentional violation of" that duty. United States v. Pomponio, 429 U.S. 10, 12 (1976) (per curiam). Evidence that Toto had prepared several additional returns containing false deductions and adjustments was highly probative on the issue of whether his preparation of the false returns charged in the indictment was done knowingly or without mistake and thus significantly aided the Government in meeting its burden to show that Toto acted willfully.

Toto suggests that the evidence of his involvement in preparing the other returns was not critical to the Government's case. However, the fact that the evidence was not critical to the Government's case "does not render it unnecessary for purposes of Rule 404(b)." United States v. Rooks, 596 F.3d 204, 211 (4th Cir.), cert. denied, 131 S. Ct. 148 (2010). This is so because the "necessary" prong "focuses on whether the evidence is necessary in the sense that it is probative of an essential claim or an element of the offense." Id. at 211-12 (internal

4

quotation marks omitted). Whether Toto willfully aided in the preparation and presentation of the seventeen returns was an issue at trial, and evidence of Toto's preparation of other false returns provided context for the preparation of the seventeen returns charged in the indictment. Accordingly, the evidence was "necessary."

Toto further suggests that the admission of the testimony concerning his preparation of the tax returns not charged in the indictment did not satisfy Rule 403. Although this testimony was damaging to Toto, we conclude it was not unfairly prejudicial, as Toto has not shown there existed "a genuine risk that the emotions of [the] jury [were] excited to irrational behavior, and that this risk [wa]s disproportionate to the probative value of" the testimony, United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996) (internal quotation marks omitted). Moreover, the district court reduced the risk of unfair prejudice by giving limiting instructions to the jury, explaining that the jury could consider the evidence only in determining Toto's knowledge and intent. See Queen, 132 F.3d at 997. Accordingly, we conclude that the district court did not abuse its discretion in admitting the challenged evidence. See United States v. Benkahla, 530 F.3d 300, 309 (4th Cir. 2008) (stating standard of review).

5

Toto also challenges his seventy-month prison sentence, asserting that the district court erred in the calculation of his Guidelines sentence by erroneously overruling his objections and: (1) calculating the tax loss amount and resulting base offense level under USSG § 2T1.1; (2) applying the two-level enhancement under USSG § 2T1.4(b)(2) for his use of sophisticated means; and (3) applying the three-level enhancement under USSG § 3B1.1(b) for his role in the offense. We review Toto's sentence for reasonableness "under a deferential abuse-of-discretion" standard. Gall v. United States, 552 U.S. 38, 41, 51 (2007). In conducting this review, we must ensure that the district court correctly calculated Toto's Guidelines sentence. Id. at 49, 51.

Under the Guidelines, the tax loss attributable to a defendant involved in aiding in the preparation and presentation of false tax returns is "the tax loss, as defined in [USSG] § 2T1.1, resulting from the defendant's aid, assistance, procurance or advice." USSG § 2T1.4(a). Under USSG § 2T1.1(c)(1), the tax loss is the "total amount of loss that was the object of the offense (i.e., the loss that would have resulted had the offense been successfully completed)." This amount includes "all conduct violating the tax laws . . . unless the evidence demonstrates that the conduct is clearly unrelated" to the offense. Id., cmt. n.2.

In calculating the tax loss amount, "a district court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." United States v. Mehta, 594 F.3d 277, 282 (4th Cir.), cert. denied, 131 S. Ct. 279 (2010) (internal quotation marks omitted). Additionally, because the amount of tax loss "is not always a precise figure," the Guidelines "contemplate that the [district] court will . . . make a reasonable estimate based on the available facts." Id. (internal quotation marks omitted). We review the district court's determination of the tax loss amount for clear error. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

The testimony at trial established that Toto's practice of listing false deductions, qualifying persons, dependents, and adjustments (collectively, "deductions") on the returns of his clients resulted in a tax loss to the Government of $117,711. According to the presentence report, Toto's practice of listing these false deductions on the returns of several of his clients who did not testify at trial resulted in an additional loss to the Government of $98,785. At sentencing, an Internal Revenue Service ("IRS") agent testified that, in calculating this additional loss amount, she reviewed memoranda

7

of interviews with a number of Toto's clients who did not testify at trial. The agent adjusted the returns filed for these clients, eliminating the false deductions that Toto had included on their returns. Based on these adjustments, the agent recalculated each client's amount of tax due and owing and thereby determined the additional tax loss amount resulting from Toto's conduct. The district court adopted the presentence report, credited the agent's testimony, and found that the tax loss amount attributable to Toto "exceeded $200,000," resulting in a base offense level of 18, see USSG §§ 2T1.4(a)(1), 2T4.1(G).

Toto claims that, because the clients whose interviews were the subjects of the memoranda were not cross-examined, the evidence the Government proffered at sentencing to establish that the tax loss amount exceeded $200,000 was unreliable. We disagree. The false deductions listed on the returns of the clients who did not testify at trial fit the pattern of the fraudulent conduct established at trial, and the $98,785 loss amount was based on statements made by the clients themselves establishing the falsity of the deductions Toto had claimed on their returns. We conclude this was an acceptable method for the district court to use in making a reasonable estimate of the loss amount under the Guidelines. See Mehta, 594 F.3d at 282-83 (approving calculation of tax loss amount from IRS assessments

8

that taxpayer-clients of the defendant elected not to contest, even though they never "substantively agree[d]" with those assessments and where the fraudulent deductions on the taxpayers' returns fit the pattern of fraud shown at trial). We therefore conclude that the district court did not commit clear error in calculating the tax loss amount.

We turn next to Toto's challenge to the district court's application of the two-level enhancement under USSG § 2T1.4(b)(2) for his use of sophisticated means. "The average criminal tax fraud . . . involves some concealment; 'sophisticated' tax fraud [meriting application of the two-level enhancement under USSG § 2T1.4(b)(2)]. . . require[s] more." United States v. Kontny, 238 F.3d 815, 820-21 (7th Cir. 2001). "Sophistication," however, does not refer to "the style of the [defendant]—the degree to which he approximates Cary Grant—but to the presence of efforts at concealment that go beyond (not necessarily far beyond . . . ) the concealment inherent in tax fraud." Id. at 821 (internal quotation marks omitted).

"Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts ordinarily indicates sophisticated means." USSG § 2T1.4, cmt. n.3. But these are offered as examples only; the "essence of the definition is merely deliberate steps taken to make the offense difficult to

9

detect." Kontny, 238 F.3d at 821 (internal quotation marks and ellipsis omitted). We review the district court's determination that Toto used sophisticated means for clear error. See id.

The district court adopted the presentence report's recommendation to apply the enhancement under USSG § 2T1.4(b)(2) based on Toto's: (1) use of an IRS-issued electronic filing number registered to another entity to file his clients' returns; (2) use of bank accounts held in the names of others to deposit his return preparation fees; and (3) failure to report to the IRS the income he made as a tax preparer. In Toto's view, the district court's application of the enhancement was error because his placement of false deductions on returns that were filed under the electronic filing number of another required "no particular knowledge or sophistication."

We disagree, because Toto's conduct shows he took deliberate steps to conceal from the IRS his connection to the fraudulent returns he filed on behalf of his clients. By utilizing the electronic filing number registered to another entity, Toto could omit his name and signature from the returns and associated forms, thus perpetuating the fiction that he was not the preparer of those returns. Additionally, Toto utilized bank accounts held in the names of others to mask the income he generated by preparing the false returns. These efforts, when combined with Toto's failure to file personal income tax returns

10

disclosing the income he generated as a tax preparer, undeniably made IRS detection of his connection to the false returns more difficult. Accordingly, the district court's application of the two-level enhancement for Toto's use of sophisticated means was not clearly erroneous.

Finally, Toto claims that the district court erred in applying the three-level enhancement under USSG § 3B1.1(b) for his role in the offense. However, because Toto fails to support his claim in accordance with Fed. R. App. P. 28(a)(9)(A) ("[T]he [appellant's] argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."), we deem it abandoned. See Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009), cert. denied, 130 S. Ct. 1140 (2010); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

We therefore affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED